IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


EUGENE COLLINS                                                                      PLAINTIFF

              v.                     Civil No. 6:12-cv-06111

DR. LIGETT; and
MANAGER LOCK                                                              DEFENDANTS


**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

        Plaintiff Eugene Collins filed this case *pro se* pursuant to 42 U.S.C. § 1983 on September

5, 2012 in the Eastern District of Arkansas.  ECF No. 3.  On September 20, 2012, the Eastern

District properly transferred it to this Court.  ECF No. 6.  Now before the Court is Plaintiff's

failure to comply with the Court's orders and to prosecute this case.

        Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan

O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  After careful consideration, the undersigned makes the

following Report and Recommendation.

**I.       BACKGROUND**

        At the time he filed his Complaint, Plaintiff was an inmate of the Arkansas Department of

Corrections Technical Violator Center in Malvern, Arkansas ("ADC").  Plaintiff's current address

of record indicates he is no longer incarcerated.

        In Plaintiff's Complaint, he alleges he was denied medical care while incarcerated at the

ADC.  ECF No. 3, p. 4.  Plaintiff named Dr. Ligett and Manager Lock as Defendants in his

Complaint.  ECF No. 3, pp. 2-3.

On January 7, 2013, the Court ordered the United States Marshal Service ("USMS") to serve Defendants Dr. Ligett and Manager Lock in care of the Department of Correction and Community Punishment, Compliance Division, 7300 Dollarway Road, Suite, 101, White Hall, Arkansas 71602.  ECF No. 8.  The summons were returned unexecuted because Dr. Ligett and Manager Lock were not employed by the Arkansas Department of Corrections.  ECF Nos. 11-12.

A memorandum attached to the unexecuted summons indicated that Dr. Ligett and Manager Lock were believed to be employed by Corizon Medical Services ("Corizon"), the medical provider for the ADC.  ECF No. 11.

In response to the information provided with the unexecuted summons the Court ordered the USMS to serve Dr. Ligett and Manager Lock in care of the law firm of Humphries & Lewis, P.O. Box 20670, White Hall, Arkansas 71612-0670.[1]  ECF No. 13.  These summons were also returned unexecuted.  ECF Nos. 15-16.

Emails from Humphries & Lewis attached to the second set of unexecuted summons on Dr. Ligett and Manager Lock indicated that Humphries & Lewis could not accept service for either Defendant because they were no longer employed with Corizon.  ECF Nos. 15-16.

On June 12, 2013, the Court issued an Order directing Plaintiff to provide accurate addresses for service on both Dr. Ligett and Manager Lock on or before July 2, 2013.  ECF No. 17.  This Order was not returned as undeliverable mail and Plaintiff failed to respond.

On September 25, 2013, the Court issued an Order to Show Cause directing Plaintiff to

---

[1] The Court notes Humphries & Lewis typically represent employees of Corizon in similar section 1983 cases before the Court.

2

show cause why he failed to provide addresses for service on Dr. Ligett and Manger Lock pursuant to the Court's June 12, 2013 Order. ECF No. 18. The Order to Show Cause was not returned as undeliverable mail and Plaintiff failed to respond by the Court imposed deadline of October 16, 2013.

## II.   APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful

disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily."  *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Furthermore, it is the Plaintiff's responsibility to provide the Court with an address for proper service on Defendants.  *See Lee v. Armontrout*, 991 F.2d 478, 489 (8th Cir. 1993).

## III.   DISCUSSION

Plaintiff has failed to comply with two Court orders—the Court's June 12, 2013 Order directing him to provide addresses for service on Defendants; and the Court's September 25, 2013 Order to Show Cause.  Plaintiff has also failed to prosecute this case.  He has not communicated with this Court since it was transferred here in September 2012.[2]

While Plaintiff has failed to respond to the Court's Orders, the Court cannot find a clear record of delay or contumacious conduct by the Plaintiff because it is unclear if Plaintiff received the Court's orders once he was released from the ADC.  The address of record the Court obtained for Plaintiff after his release from the ADC was not provided by Plaintiff himself, but instead, was the address Plaintiff provided the ADC at the time of his parol.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's Complaint be dismissed without prejudice.

Accordingly, Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action.  *See* Local

---

[2] The Court notes that a Notice of Change of Address was filed on January 22, 2013, however, this new address was obtained from returned mail not from Plaintiff himself.  ECF No. 10.

Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

## IV.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** without prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders, and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of October 2013.**

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE